IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


OBIDIAH McCASKILL,
        Petitioner,

vs.                                    Case No.:  4:16cv583/WS/EMT

JULIE L. JONES and
FLORIDA COMMISSION ON OFFENDER
REVIEW,
        Respondents.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 1).  Petitioner's habeas claims concern state court proceedings in which Petitioner sought review of the revocation of his conditional release supervision by Respondent Florida Commission on Offender Review ("FCOR"), formerly the Florida Parole Commission.  The FCOR filed an answer and relevant portions of the state court record (ECF No. 13).  Petitioner filed a reply to the FCOR's response (ECF No. 17).  Respondent Jones, Secretary of the Florida Department of Corrections ("FDOC"), filed a limited response noting that Petitioner's habeas claims fall within the purview of the FCOR, and that Jones is named solely as Petitioner's custodian (ECF No. 12).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 13).[1]  Petitioner was convicted in the Circuit Court in and for Putnam County, Florida, Case No. 1988-CF-1718, of one count of aggravated battery (Ex. G, sub-exhibit A).  On June 8, 1989, Petitioner was sentenced as a habitual offender to thirty (30) years in prison, with pre-sentence jail credit of 7 days (*id.*).

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with the FCOR's response (ECF No. 13).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Petitioner reached his tentative release date on May 12, 2008, and was released from FDOC custody on conditional release supervision, administered by the FCOR, with his supervision to expire on May 25, 2019 (Ex. G, sub-exhibits B, C).

In November of 2009, Petitioner was arrested for obstructing an officer without violence, a misdemeanor (Ex. G, sub-exhibit D).  Petitioner was also charged with violating the conditions of his conditional release (*see id.*).  A hearing was held on January 15, 2010 (*see id.*).  On February 24, 2010, the FCOR found Petitioner guilty of violating the conditions of his supervision, but did not revoke his conditional release and instead restored him to supervision (*id.*).

On November 15, 2010, the FCOR issued a warrant for Petitioner's arrest for violating the terms of his conditional release (Ex. G, sub-exhibits E).  Petitioner was charged with one violation of Condition 4(a) for using alcohol, three violations of Condition 7 for failing to obey the law, and one violation of special condition 16 for failing to pay restitution (*id.*, sub-exhibits E, F).  Petitioner exercised his right to a violation hearing (Ex. G, sub-exhibits F, G).  A hearing was held on May 24, 2011 (Ex. G, sub-exhibit G).  On June 29, 2011, the FCOR revoked Petitioner's conditional release supervision, effective November 14, 2010, and ordered him returned to FDOC custody, with credit for the period November 21, 2009, to February 25, 2010 (the time

Petitioner was in custody for the previous violation), but without credit for the time Petitioner spent on conditional release (Ex. G, sub-exhibit G).

On June 8, 2012, Petitioner filed a petition for writ of habeas corpus in the Florida Fifth District Court of Appeal, Case No. 5D12-2322 (Ex. A).  The Fifth DCA transferred the case to the Third Judicial Circuit Court in and for Taylor County, Florida (the county where Petitioner was incarcerated), where the court assigned Case No. 2012-531-CA (*see* Ex. C).  On October 8, 2012, the state circuit court issued an order directing the FCOR to show cause, within sixty days, why the petition should not be granted (*see* ECF No. 1, Ex. D).  The court's show cause order mistakenly included Case No. 2012-53-CA instead of 2012-CA-531 (*see id.*).  Petitioner received the FCOR's response and filed a reply on December 17, 2012 (Ex. E).  On January 23, 2013, the circuit court issued an order stating, in relevant part:

> On October 8, 2012, this Court entered an order directing the Respondent to show cause why the Petitioner should not be granted relief on his underlying petition for writ of habeas corpus.  The Respondent's response became due on or about December 7, 2012, but since then no such response has been filed with the Taylor County Clerk of the Court.  However, the record does reflect that the Petitioner has filed a document in reply to an alleged response filed by the Respondent, which is evidenced by the fact that the Petitioner's reply contains direct citations to page numbers in the Respondent's response.  Therefore, it is apparent from the Petitioner's reply that the Respondent attempted to file a response, but delivery of such a response was not effectuated with this Court.  This Court is without knowledge as to the reasons for the

> non-receipt of the Respondent's response, but nonetheless finds that the
> unknown error in delivery should not result in a windfall to the
> Petitioner.  Therefore, this Court grants the Respondent additional time
> to file a copy of the response.

(Ex. F).  Apparently, the court did not recognize that it had included the wrong case

number in its previous order.  The court extended the deadline for the FCOR's

response to ten days from the effective date of the order (*id.*).  On February 1, 2013,

the FCOR filed a timely amended response stating that the original response was

submitted to the court and mailed to Petitioner on December 5, 2012, but the pleading

included Case No. 2012-53-CA (the case number indicated on the court's initial order

directing a response), instead of 2012-531-CA (*see* Exs. D, G).  The state circuit court

denied Petitioner's habeas petition on the merits on April 16, 2013 (Ex. I).  Petitioner

sought review by the Florida First District Court of Appeal ("First DCA") by filing

a petition for writ of certiorari, Case No. 1D13-2062 (Ex. L).  The FCOR filed a

response (Ex. N).  Petitioner filed a reply (Ex. O).  On October 4, 2013, the First DCA

denied the petition on the merits (Ex. Q).  *See* McCaskill v. Fla. Parole Comm'n, 124

So. 3d 920 (Fla. 1st DCA 2013) (Table).  The First DCA denied Petitioner's motion

for rehearing and issued the mandate on December 3, 2013 (Ex. S).  Petitioner sought

review in the Supreme Court of Florida, Case No. SC13-2474 (Ex. T).  The state

supreme court dismissed the petition for lack of jurisdiction on January 3, 2014 (*id.*).

*See* <u>McCaskill v. Fla. Parole Comm'n</u>, 133 So. 3d 527 (Fla. 2014) (Table).

During the pendency of the review proceeding in the First DCA, Petitioner filed

a "Motion of Clarification" in the First DCA, Case No. 1D13-2062, and a "Motion to

Compel Performance" and "Application for Entry of Default" in the Taylor County

Circuit Court, Case No. 2012-531-CA (*see* Ex. U).  The First DCA denied Petitioner's

"Motion of Clarification" on July 17, 2013 (*see id.*).  On July 24, 2013, the clerk of

court, Annie Mae Murphy, filed a response which stated the following, in relevant

part:

> On August 23, 2012, The Taylor County Clerk of Court (TCCOC)
> received a transferred file from the Fifth District Court of Appeal, at
> which time it was filed as styled above and given the case number of
> 12-531CA.  On October 8, 2012, Circuit Judge James R. Bean, entered
> an "Order to Show Cause Why Relief Should Not Be Granted" directing
> the Florida Parole Commission (FPC) to respond within 60 days.  On
> December 7, 2012, the TCCOC, received a "Florida Parole
> Commission's Response" styled with the case number of 12-53CA.  The
> FPC's Response was docketed under 12-53CA in error, and in doing so,
> the TCCOC, nor the Circuit Judge, could tell that a Response had been
> filed.
>
> It is the TCCOC's recollection that at some point after receiving
> the Circuit Court's "Order Directing Respondent to File a Response or
> to Show Cause Why Relief Should Not Be Granted" dated January 23,
> 2013, the FPC called our office and spoke to a Deputy Clerk inquiring
> as to the status of their Response.  It was not until that time, that any of
> the parties involved or the Deputy Clerk realized this error.  At that time,

the Deputy Clerk corrected the pleading by hand to reflect the case number of 12-531CA, note the handwritten "1" after the 12-53 on the pleading.[2]  It was then removed from 12-53CA and docketed under 12-531CA.

The TCCOC would have to speculate that the FPC received their copy of the Order, based upon the Certificate of Service, sometime around February 1, 2013 or later, which means that the error was probably not discovered until sometime after that date.  The Petitioner's Notice of Inquiry filed February 1, 2013, as well as the actual docket printout that Petitioner has attached to the Motion in the First District Court, would both show that the TCCOC Deputy Clerk printed and mailed the referenced docket on February 1, 2013.  The docket also reflects an "Amended Florida Parole Commission's Response" with the corrected case number filed on February 1, 2013.

The TCCOC would state that the revision in the docket was nothing more than an error resulting from a mistake in the case number, and that nothing was not done intentionally, deliberately or fraudulently by the TCCOC to cause inconvenience to any party involved.  The TCCOC would also speculate that the Petitioner was, in fact, aware of the first Response filed by the FPC, as the docket reflects that he, himself, filed a Reply to said Response on December 26, 2012, after receiving his service copy.

The TCCOC would further state, as previously noted on the docket, in response to the Petitioner's "Application To Clerk for Entry of Default," filed on June 28, 2013, that the FPC did timely file a Response, as well as an Amended Response, prior to this request, therefore, the TCCOC declines to enter default against the Respondent. The TCCOC would respectfully ask the Courts to Dismiss the Pending

---

[2] *See* ECF No. 13, Ex. G.  The record reflects that the clerk of court also corrected the court's show cause order by hand to reflect the case number of 12-531CA, note the handwritten "1" after the 12-53 on the pleading (*see* ECF No. 1, Ex. D; ECF No. 13, Ex. C).

motions, as the TCCOC believes this Response to be sufficient for clarification to all parties.

(Ex. U).

On August 2, 2013, Petitioner filed a petition for writ of mandamus in the Supreme Court of Florida, Case No. SC13-1627, seeking an order compelling the Taylor County Clerk of Court to enter a default judgment in Taylor County Circuit Court Case No. 2012-531-CA (the case in which Petitioner sought review of the FCOR's decision to revoke his conditional release) (*see* Ex. V). The state supreme court transferred the petition to the Taylor County Circuit Court, where it was filed in Case No. 2012-531-CA (*see id.*). On January 22, 2014, the circuit court ordered the clerk of court to open a new civil case, and Case No. 2014-47-CA was assigned (*see id.*). The state circuit court denied the petition on the merits on December 15, 2014, on the ground that entry of a default in Case No. 2012-531-CA was not warranted because the court had disposed of the case on the merits (*id.*). Petitioner appealed the decision to the First DCA, Case No. 1D15-53 (*see id.*). The First DCA affirmed the decision per curiam without written opinion on November 24, 2015 (*see id.*). *See* McCaskill v. Murphy, 182 So. 3d 642 (Fla. 1st DCA 2015) (Table). The mandate issued January 26, 2016 (*see id.*). Petitioner sought review in the Supreme Court of Florida, Case No. SC16-202 (Ex. W). The state supreme court dismissed the petition

for lack of jurisdiction on February 3, 2016 (*id.*).  *See* <u>McCaskill v. Murphy</u>, No.

SC16-202, 2016 WL 455520, at *1 (Fla. Feb. 3, 2016).

Petitioner filed the instant habeas action on September 14, 2016 (ECF No. 1).

He was released on conditional release supervision on August 9, 2017 (*see* ECF No.

18), with a scheduled termination date of August 20, 2021.

II.    DISCUSSION

Petitioner presents one claim in his § 2254 petition:

Ground One:  "Where the lower court and First District Court of Appeal
allowed Annie Mae Murphy, Clerk of Court, to commit a crime.  She is
in violation of Fla. Stat. 837.06, False Official Statements, and in
violation of Fla. Stat. 839.13, Falsifying Records, which denys [sic]
Petitioner his Due Process rights of the 14th Amendment."

(ECF No. 1 at 6).  Petitioner contends the Taylor County Clerk of Court violated state

law by revising the docket in Case No. 2012-531-CA, to indicate that the FCOR filed

a timely response to the court's order directing the agency to respond to Petitioner's

challenge to the FCOR's decision revoking his conditional release (*see* ECF No. 1 at

6–9, and attached Exhibits B, C; ECF No. 17 at 1–3).  Petitioner additionally contends

the state circuit court violated his federal due process rights by showing favoritism to

the FCOR in accepting its amended response instead of granting Petitioner relief by

default based upon the FDOC's failure to file its response in the correct case by the deadline (ECF No. 1 a 6–9; ECF No. 17 at 1–3).

Petitioner also argues the First DCA denied his federal due process rights by affirming the state circuit court's decision per curiam without written opinion (ECF No. 1 at 8–10; ECF No. 17 at 3–5). Petitioner argues that the absence of a written opinion deprived him of any way of knowing that the appellate court had properly reviewed the case (*id.*). Petitioner further argues the per curiam affirmance deprived him of his constitutional right to access the courts, because it rendered him unable to seek review of the First DCA's decision in the Supreme Court of Florida (*id.*).

The FCOR contends Petitioner is not entitled to federal habeas belief, because Petitioner raises only state law issues, and none of his claims show that his placement on conditional release or the revocation of his conditional release was constitutionally infirm (ECF No. 13 at 7, 11–13).

This federal court would address Petitioner's due process claims if the allegedly foul process occurred during the FCOR's revocation of his conditional release. *See* Morrissey v. Brewer, 408 U.S. 471, 482, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) (holding that a state must provide minimum due process protections prior to revoking a releasee's conditional release). However, due process violations that allegedly occur

during state proceedings collateral to the revocation proceeding do not form the basis of habeas relief. *See* Carroll v. Sec'y, Dep't of Corr., 574 F.3d 1354, 1365–66 (11th Cir. 2009); Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004). A decision in a state collateral proceeding is not a criminal judgment, or executive agency equivalent, that resulted in the prisoner's detention. *See* Carroll, 574 F.3d at 1365 ("[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment—i.e., the conviction itself . . . ."). Collateral proceedings are instead "civil in nature and are not part of the criminal proceeding itself." Pennsylvania v. Finley, 481 U.S. 551, 556–57, 107 S. Ct. 1990, 1994, 95 L. Ed. 2d 539 (1987).

Therefore, procedural violations during state collateral proceedings are "issues unrelated to the cause of the petitioner's detention." Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987). As such, they cannot form the basis for habeas relief. *See, e.g.*, Carroll, 574 F.3d at 1365 (holding that a failure to hold an evidentiary hearing in a state post-conviction proceeding was not a basis for habeas relief); In re Rutherford, 437 F.3d 1125, 1127 (11th Cir. 2006) (finding insufficient for habeas relief the petitioner's claim that the state post-conviction court denied him due process by failing to provide mental health records of a person the petitioner alleged had

actually committed the crime); <u>Quince</u>, 360 F.3d at 1262 (rejecting federal habeas petition which alleged that the state judge presiding over the petitioner's post-conviction hearing denied the petitioner due process by not recusing himself, because the claim did not relate to the petitioner's conviction).

The alleged due process violations in Petitioner's case (i.e., the clerk of court's revision of the docket, the state circuit court's accepting the FCOR's amended response instead of granting Petitioner relief by default, and the First DCA's issuing a per curiam affirmance without written opinion) did not occur during the FCOR's conditional release revocation proceedings; instead, they occurred during the circuit court's review of the revocation decision, and the First DCA's review of the circuit court's decision. The process afforded Petitioner during the state court review proceeding had no bearing on the process afforded Petitioner in the FCOR's revocation proceeding. Because Petitioner alleges wrongs that occurred in a proceeding collateral to Petitioner's confinement, not in the proceeding which culminated in the decision to confine him, federal habeas relief is not available. *See, e.g.*, <u>Postell v. Humphrey</u>, No. 1:05-cv096, 2013 WL 5507068, at *6 (M.D. Ga. Oct. 2, 2013) (petitioner's claim, that clerk of superior court in which probation revocation proceeding was held failed to transmit portions of record to superior court in which

petitioner challenged revocation in habeas proceeding, failed to state a claim for federal habeas relief, as alleged infirmities in state habeas court proceedings do not entitle a federal habeas petitioner to relief); Schimmel v. Tucker, No. 3:09cv534/LAC/EMT, 2012 WL 629600, at *28–29 (N.D. Fla. Jan. 25, 2012) (petitioner's claim, that First DCA violated his due process and equal protection rights during collateral review by affirming lower court's decision without written opinion, thus depriving petitioner of alleged right to seek review from state supreme court, did not state a cognizable claim on federal habeas), *Report and Recommendation Adopted By* 2012 WL 629755 (N.D. Fla. Feb. 28, 2012); Marts v. Buss, No. 3:10cv240/LAC/EMT, 2011 WL 2174330, at *1–3 (N.D. Fla. May 20, 2011) (same), *Report and Recommendation Adopted By* 2011 WL 2149548 (N.D. Fla. June 1, 2011); Thomas v. McNeil, No. 4:07cv473/MMP/EMT, 2010 WL 3491158, at *6 (N.D. Fla. July 30, 2010) (same), *Report and Recommendation Adopted By* 2010 WL 3491156 (N.D. Fla. Sept. 2, 2010); Dexter v. Fla. Parole Comm'n, No. 5:07cv231/RH/MD, 2008 WL 4938408, at 14 n.13 (N.D. Fla. Nov. 17, 2008) (petitioner's claim, that state courts failed to consider key arguments in his petitions for review of parole commission's establishment of his presumptive parole release date, did not state a claim cognizable on federal habeas, because those claims represented an attack on a

proceeding collateral to the prisoner's confinement and not the confinement itself) (citing Quince, 360 F.3d at 1261–62; Spradley, 825 F.2d at 1568).

Moreover, Petitioner's claims that the clerk of the circuit court revised the docket, allegedly in violation of Florida criminal statutes (Florida Statute §§ 837.06 and 839.13), and the state court accepted the FCOR's amended response instead of granting Petitioner relief by default, allegedly in violation of the Florida Rules of Civil Procedure, present purely state law issues.  The scope of review of a habeas corpus petition is limited to determining whether a petitioner's custody violates federal law.  *See* 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S. Ct. 475, 479–80, 116 L.Ed. 2d 385 (1991) (holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief).  The limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of federal constitutional violations.  *See* Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988).

Here, Petitioner's claims involve issues of purely state law, i.e., whether the clerk of court violated Florida's criminal statutes, and whether the state circuit court violated the Florida Rules of Civil Procedure.  Despite Petitioner's couching his claims in terms of federal due process, neither of these claims states a violation of federal law.

Additionally, Petitioner's claim that the First DCA violated his rights to due process and access to the courts by issuing a per curiam affirmance of the circuit court's decision without a written opinion, does not state a violation of federal law. Petitioner has not shown that the First Amendment or the Fourteenth Amendment requires a state court to reduce to writing its analysis and decision on direct or collateral review of a conviction.  *See, e.g.*, Robinson v. Tucker, No. 3:10cv101/RV/MD, 2012 WL 1192140, at \*14 (N.D. Fla. Mar. 2, 2012) (petitioner's claim, that Florida First DCA violated the Fourteenth Amendment by affirming circuit court's decision per curiam without written opinion, was without merit because the Constitution does not require state court to reduce to writing its analysis and decision on direct or collateral review of a conviction), *Report and Recommendation Adopted By* 2012 WL 1192130 (N.D. Fla. Apr. 9, 2012); Schimmel v. Tucker, No. 3:07cv521/MCR/EMT, 2010 WL 3604655, at \*16 (N.D. Fla. Aug. 9, 2010) (same,

with respect to petitioner's due process and equal protection challenges to First DCA's affirmance of conviction per curiam without written opinion), *Report and Recommendation Adopted By* 2010 WL 3604646 (N.D. Fla. Sept. 10, 2010).

III.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  Buck v. Davis, 580 U.S.—, 137 S. Ct.

773 (2017) (citing <u>Miller-El</u>, 537 U.S. at 327).  The petitioner here cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the petition for writ of habeas corpus (ECF No. 1) be **DENIED**.

2.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this $\underline{22^{nd}}$ day of December 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  4:16cv583/WS/EMT